IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE NELLING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DELAWARE, et al. | : | NO. 11-6973 |

**MEMORANDUM RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**Baylson, J.**                                                                                    **September 11, 2012**

## I.    Introduction

This civil rights action arose because a bench warrant was not properly removed from the

National Crime Information Center system ("NCIC"), leading to the arrest and nineteen days of

incarceration of Plaintiff Suzanne Nelling ("Nelling").  Nelling sues Defendant Amy Theodore

("Theodore"), a Probation Officer with the Office of Adult Probation and Parole Services of

Delaware County, for false imprisonment and, pursuant to 42 U.S.C. § 1983, violations of her

rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution.

Nelling also asserts a claim for punitive damages.[1]

Presently before the Court is Theodore's Motion to Dismiss Nelling's Second Amended

Complaint (ECF No. 51) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For

the reasons that follow, the Court will GRANT Theodore's Motion, without prejudice to Nelling

re-pleading her claims in a Third Amended Complaint.

---

[1]        Nelling also asserts a claim for intentional infliction of emotional distress and
alleges that Theodore violated her rights under Article I, Section 8, of the Constitution of the
Commonwealth of Pennsylvania.  Nelling, however, has agreed to withdraw these claims.  The
Court will therefore dismiss them without further discussion.

II.     **Procedural History in this Court**

Nelling filed her original Complaint, naming multiple defendants, in this Court on November 8, 2011.  After defendants moved to dismiss, Nelling amended her complaint (ECF No. 22), and the Court dismissed the pending motions as moot.  (Order Re: Motions to Dismiss, ECF No. 26).  All defendants again moved to dismiss.  In view of the myriad outstanding motions, this Court held oral argument on April 17, 2012.  (See Audio File 04/17/2012, ECF No. 45).  Pursuant to the discussions held on the record, the Court entered an Order dismissing the pending motions, and granting Nelling leave to conduct limited discovery to aid her in filing a Second Amended Complaint. (Order, ECF No. 47).

Nelling then filed her Second Amended Complaint on June 18, 2012, asserting claims against only Theodore and the County of Delaware.  Both defendants moved to dismiss. Nelling's attorney wrote this Court a letter stating that Nelling did not oppose the County of Delaware's Motion, and this Court accordingly entered an Order granting that Motion as unopposed. (Order Re: County of Delaware's Motion to Dismiss, ECF No. 52).

Theodore consequently became the only remaining Defendant.  The Court now addresses her Motion to Dismiss.

III.    **Factual Allegations**

In her Second Amended Complaint, Nelling alleges the following facts, which this Court accepts as true for the purpose of deciding the pending Motion to Dismiss.

On May 7, 2007, Nelling was convicted of Theft by Unlawful Taking in the Court of Common Pleas of Delaware County, Pennsylvania. 2d Am. Compl.¶ 8.  She was sentenced to

serve four days to twenty three months imprisonment with immediate parole.  Id. ¶ 8.  Theodore

served as Nelling's parole officer.  Id. ¶ 9.

On July 17, 2009, Theodore requested and the Court of Common Pleas issued a bench

warrant for Nelling's arrest following Nelling's failure to pay restitution under the terms of the

parole.  Id.  ¶¶ 10-11. On August 7, 2009, after Nelling paid the restitution, Theodore requested

that the July 17, 2009 bench warrant be rescinded.  Id. ¶ 12.  The bench warrant was rescinded on

September 9, 2009; however, it was never removed from the NCIC.  Id. ¶ 13.

On October 2, 2010, Nelling was involved in a dispute at a store in Media, Pennsylvania.

Id. ¶ 14.  A police officer on the scene checked the NCIC system and arrested Nelling under the

July 17, 2009 bench warrant.  Id.  ¶¶ 15-16.  Following the arrest, Nelling was incarcerated in the

George W. Hill Correctional Facility, also known as Delaware County Prison, and was not

released until October 21, 2010.  Id. ¶¶ 17, 19.

On October 4, 2010, during Nelling's incarceration, a prison employee notified Theodore

that Nelling was arrested for a parole violation.  Id.  ¶ 18.  After learning the mistaken basis for

Nelling's incarceration, Theodore ignored the notice and failed to promptly arrange for Nelling's

release. Id. ¶ 28(b)-(e).

On October 27, 2010, after Nelling had been released, Theodore wrote a letter "to whom

it may concern," explaining that Nelling had "committed no wrong doing to facilitate being

arrested[.]"[2]  Id.  ¶¶ 20-21.  Theodore further clarified that the rescinded bench warrant was not

---

[2]        The Second Amended Complaint indicates that this letter is attached as Exhibit A.
Although Plaintiff in fact attached no exhibits to the Second Amended Complaint, resolving all
doubts in Nelling's favor, the Court construes the letter Nelling included as Exhibit A to her
original Complaint as Exhibit A to her Second Amended Complaint.  Nelling should take care to
attach all necessary documents to future pleadings.

taken out of NCIC, "and that is why [Nelling] was taken into custody on October 2, 2010." Id. ¶ 22.

## IV. Legal Standards

### A. Jurisdiction

The Court has jurisdiction over Nelling's federal civil rights claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court has supplemental jurisdiction over Nelling's state false imprisonment claim pursuant to 28 U.S.C. § 1367(a).

### B. Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), courts may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Courts must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions.'" 555 U.S. at 684.

Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore,

pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 685.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v.

County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual

allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not

only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at

556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

After Iqbal, when presented with a motion to dismiss for failure to state a claim, district

courts should conduct a two part analysis: First, the factual and legal elements of a claim should

be separated–the district court must accept all of the complaint's well-pleaded facts as true, but

may disregard any legal conclusions; second, a district court must then determine whether the

facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for

relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief:

a complaint has to "show" such entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d

203, 210-211 (3d Cir. 2009).

V.      Discussion

      A.      42 U.S.C. § 1983

Theodore argues that Nelling has failed to state a claim under 42 U.S.C. § 1983 ("Section

1983") and, in addition, that she is insulated from liability by qualified immunity. The Court

agrees that Nelling has not properly stated a coherent claim for a constitutional violation.[3]

Section 1983 provides a remedy for the violation of an individual's constitutional or federal rights by someone acting under color of state law.[4]   Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175–76 (3d Cir. 2010).  The plaintiff bears the burden of proof to establish that the defendant violated her rights.  See, e.g., Edwards v. City of Philadelphia, 860 F.2d 568, 572 (3d Cir. 1988) (citing Wing v. Britton, 748 F.2d 494, 497 (8th Cir. 1984)).  An individual defendant must have "personal involvement in the alleged wrongs" to be liable under Section 1983.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

Although Nelling's Second Amended Complaint claims "violations of the First, Fourth, and Fourteenth Amendments to the Constitution" in a heading, Nelling does not, given Theodore's duties and limited authority as a probation officer, assert any facts or plausible contentions as to how any of these rights were violated by Theodore.  Nelling asserts only the following:

> Theodore, caused a deprivation of Plaintiff s rights, privileges, and/or immunities secured by the Constitution of the United States and/or

---

[3]   Having found that Nelling's Second Amended Complaint does not properly plead a Section 1983 claim, the Court need not reach Theodore's qualified immunity argument.

[4]   42 U.S.C. § 1983 states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

federal law, as follows:

(a)        By failing to promptly investigate why plaintiff was incarcerated for a violation of parole over a year after her sentence was completed and her parole was ended.

(b)        By failing to promptly arrange for plaintiff's release from prison since there was no valid legal basis for her incarceration in 2010.

(c)        By allowing plaintiff to remain incarcerated for Seventeen (17) days in October 2010 after being notified by the Prison that plaintiff was incarcerated for a violation of parole or probation on a case in which the plaintiffs sentence was completed and parole ended in August 2009.

(d)        By ignoring the notice from the Prison that plaintiff was incarcerated in October 2010 for a violation of parole in a case in which her sentence was completed and her parole ended over a year earlier in August 2009.

(e)        By otherwise failing to take prompt appropriate action to secure the release of plaintiff from prison after receipt of the notice of plaintiff's incarceration at Delaware County Prison in October 2010 for a violation of parole which ended a year before in August 2009.

2d Am. Compl. ¶ 28(a)-(e).

The October 27, 2011 letter from Theodore, which Nelling cites, reads as follows:

To Whom It May Concern:

This letter is to verify that the active bench warrant was lifted on Suzanne Nelling on September 9, 2009.  However, it was not taken out of NCIC and that is why she was taken into custody on October 2, 2010.  Ms. Nelling is no longer on probation or parole and she has no open charges.  At this point, she committed no wrong doing to facilitate being arrested on the above date . . . .

Ex. A to Compl.

In her pleadings, Nelling makes no mention whatsoever of freedom of speech or other

rights protected by the First Amendment.  Nelling also fails to detail how Theodore's actions

violated her Fourth Amendment rights.  The Court must consider the limited nature of a

probation officer's job.  Theodore is not responsible for Nelling going to prison in the first place,

and had no power to release Nelling after learning Nelling was in prison.  Nelling's brief in

opposition to Theodore's Motion is similarly silent about First or Fourth Amendment violations,

leading this Court to question whether she has abandoned those causes of action.

Finally, Nelling's Second Amended Complaint makes only general statements that

Nelling was "deprived of her liberty by [Theodore], in violation of the Due Process Clause of the

Fourteenth Amendment," 2d Am. Compl. ¶ 31, but does not articulate what category of due

process claim Nelling asserts.[5]  While Nelling may have intended to assert a procedural due

process claim, she has not set forth with any specificity how Theodore allegedly violated her

right to procedural due process.[6]

Nelling cites only one case with similar facts to those at hand—Berg v. Co. of Allegheny,

---

[5]     The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life,
liberty, or property, without due process of law. . . ."  U.S. Const. Amend. XIV.  In a Section
1983 action, a party may raise three categories of due process claims under the Fourteenth
Amendment: 1) claims incorporating "specific protections defined in the Bill of Rights;" 2)
substantive due process claims "bar[ring] certain arbitrary, wrongful government actions
regardless of the fairness of the procedures used to implement them;" and 3) procedural due
process claims concerning the absence of procedural remedies where an individual is "depriv[ed]
by state action of a constitutionally protected interest in life, liberty, or property."  Zinermon v.
Burch, 494 U.S. 113, 125 (1990) (internal citations and quotation marks omitted).

[6]     There are two elements of a Section 1983 claim for deprivation of procedural due
process.  See.  "To prevail on 'a claim under '§ 1983 for deprivation of procedural due process
rights, a plaintiff must allege that (1) he was deprived of an individual interest that is
encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and
(2) the procedures available to him did not provide due process of law.'"  Chambers ex rel.
Chambers v. School Dist. of Philadelphia Bd of Educ., 587 F.3d 176, 194 (3d Cir. 2009) (quoting
Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006)).

219 F.3d 261 (3d Cir. 2000).  There, the Third Circuit affirmed the district court's grant of

summary judgment in favor of a warrant clerk and supervising probation officer who

inadvertently created an arrest warrant for the plaintiff, which caused the plaintiff to be arrested

and incarcerated for five days.  Id. at 266-68.  The Third Circuit concluded that the Fourth

Amendment, rather than due process, governed the plaintiff's claims regarding the

constitutionality of arrests by state officers.  Id. at 269.  Although it noted that "§ 1983 liability

for an unlawful arrest can extend beyond the arresting officer to other officials whose intentional

actions set the arresting officer in motion," id. at 272, the Third Circuit determined that the

warrant clerk and probation officer responsible for the invalid warrant could not be held liable

because there was no evidence in the record that they intended to cause the plaintiff's arrest.  Id.

at 275-75.  The Third Circuit entertained but did not reach the plaintiff's argument that the

warrant clerk could be held liable under a due process "deliberate indifference" theory.  Id. at

274.  While the plaintiff had contended that the warrant clerk "acted with deliberate indifference

because she failed to take any steps to recall the erroneously issued warrant" once she learned of

the mistake, the Third Circuit reasoned that the record supported a finding that the clerk did not

learn of the mistake until five days after the arrest, at which point it was too late to recall the

warrant.  Id.  The clerk "could not have been deliberately indifferent to a risk of which she was

reasonably unaware."  Id.

Nelling contends that Berg is distinguishable because, there, the warrant clerk only found

out about the mistaken warrant on the day the plaintiff was released from prison.  Because

Nelling was not released until seventeen days after allegedly learning of Nelling's arrest and

imprisonment, Nelling argues that Theodore can be said to have acted with deliberate

indifference.  The Court finds that Theodore, like the warrant clerk in <u>Berg</u>, could not have rescinded the warrant after it was executed; therefore, that cannot form the basis for a due process claim.  To the extent that Nelling claims that Theodore violated her due process rights by failing to otherwise act to secure Nelling's release from prison, Nelling has not clearly articulated a legal theory under which Theodore would be liable for violating those rights.

In view of these considerations, the Court will GRANT Theodore's Motion as to Nelling's Section 1983 claim.  However, the Court will afford Nelling one more, and final, opportunity to amend her complaint to clarify her civil rights claim.  This is not an invitation for Nelling to assert claims against additional Defendants.  Although the Court does not in any way minimize Nelling's imprisonment in these circumstances, which may been improper, the facts alleged do not necessarily lead to the conclusion that Nelling has a Section 1983 civil rights claim.  Instead, Nelling's claims may rest exclusively in common law tort, to be asserted in state court.

The Court will nevertheless permit Nelling to re-plead to make her existing legal theories, causes of action, and factual allegations clear, if she still wishes to pursue a federal law claim. This Court will require Nelling's Third Amended Complaint to be pleaded consistently with the requirements set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), <u>Bell Atlantic Corp. v. Twombly</u>, and <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-211 (3d Cir. 2009), as described above.  Her claims must, in particular, meet the relevant standards of specificity and plausibility. Furthermore, her claims must be supported by sufficient factual allegations showing that Theodore may be liable—not mere conclusions of law.

**B.    False Imprisonment**

The Court will also dismiss Nelling's claim for false imprisonment because Nelling has not sufficiently pleaded the intent element of a claim for false imprisonment brought under Pennsylvania law.

Nelling correctly quotes Manley v. Fitzgerald, 997 A.2d 1235 (Pa. Commw. Ct. 2010) for the elements of false imprisonment: "(1) the detention of another person (2) that is unlawful." Id. at 1241; see also Renk v. City of Pittsburgh, 641 A.2d 289, 293 (1994).   Nelling contends that, under this standard, the Court must deny Theodore's motion because Nelling "was detained, and . . . such detention was unlawful," as evidenced by Theodore's letter stating that Nelling "committed no wrong doing to facilitate being arrested."  Pl.'s Br. at 11-12.

A plaintiff cannot state a cause of action premised only on an unlawful detention, however.  Regan v. Upper Darby Twp., 363 F. App'x 917, 922 (3d Cir. 2010) ("In addition to unlawful activity, Pennsylvania law requires (1) acts intending to confine another within boundaries fixed by another which (2) directly or indirectly result in such confinement (3) of which the plaintiff is conscious or by which the plaintiff is harmed." (quoting Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 540-41 (E.D. Pa.1982))); see also Gagliardi v. Lynn, 446 Pa. 144, 285 A.2d 109, 111 n.2 (1971).  In Gagliardi, the Pennsylvania Supreme Court quoted with approval Section 35 of the Restatement (Second) of Torts, which "entails liability to an actor if '(a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and '(b) his act directly or indirectly results in such a confinement of the other, and '(c) the other is conscious of the confinement or is harmed by it.'" Id. (quoting Rest. 2d Torts § 35); see also, e.g., Pope v. Rostraver Shop N' Save, 389 F. App'x 151, 152 (3d Cir. 2010);  Pennoyer

v. Marriott Hotel Services, Inc., 324 F. Supp. 2d 614, 620 (E.D. Pa. 2004); Caswell v. BJ's

Wholesale Co., 5 F. Supp. 2d 312, 319 (E.D. Pa. 1998).  Nelling therefore has the burden to

prove, among other things, that Theodore intended to confine her.

Nelling alleges that Theodore acted with "reckless indifference of the rights of plaintiff."

2d Am Compl. ¶ 41.  Nelling has not alleged that Theodore intended to confine her, and the facts

averred do not create any reasonable inference of such intent.

The Court accordingly GRANTS Theodore's Motion to Dismiss as to this claim.  The

Court again will permit Plaintiff leave to amend her complaint to plead a false imprisonment

claim properly, but only if she can responsibly do so.  Nelling will not be permitted to simply

state in a conclusory fashion that Theodore intended to confine her.  Nelling must be prepared to

plead facts to support a finding of intent; if she cannot do so, Nelling should omit this claim from

her Third Amended Complaint.

### C.       Punitive Damages

Finally, Theodore contends that the Court must dismiss Nelling's claim for punitive

damages because punitive damages are not a cause of action, and, moreover, that Nelling has not

sufficiently pleaded that Theodore's conduct met the applicable standard for an award of punitive

damages.  "[P]unitive damages are not an independent cause of action. Rather, punitive damages

are a remedy." Dittrich v. Seeds, No. 03-cv-6128, 2005 WL 2436648, at *2 (E.D. Pa. Sept. 28,

2005) (where plaintiff alleged both § 1983 claim and state law claim, noting "that punitive

damages are not an independent cause of action.") (citing Waltman v. Farnestock & Co., Inc.,

792 F. Supp. 31, 33 (E.D. Pa. 1992)).  Having dismissed both underlying causes of action, the

Court must also dismiss Nelling's claim for punitive damages.

**VI.**     **Conclusion**

For these reasons, Theodore's Motion will be GRANTED.  Nelling will also be

GRANTED leave to file a Third Amended Complaint consistent with the instructions set forth

above.

An appropriate Order follows.

O:\CIVIL 11\11-6973 Nelling v. County of Delaware\11cv6973.Memo re MTD 2d Am. Compl.wpd