IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE NELLING<br>v.<br><br>COUNTY OF DELAWARE ET AL. | CIVIL ACTION<br><br>NO. 11-6973 |

**MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Baylson, J.**                                                                                                        **October 25, 2013**

**I.   INTRODUCTION**

The Plaintiff, Suzanne Nelling was incarcerated on the basis of a rescinded bench warrant from October 2 through October 21 2010. In her Third Amended Complaint, Nelling brings claims against her former parole officer, Defendant Amy Theodore, under 42 U.S.C. § 1983 for violating her due process rights, state-created danger, and under state law for the tort of false imprisonment.  Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint, which this Court granted with leave to allow Plaintiff to file a Third Amended Complaint. Nelling v. Cnty. of Delaware, No. 11-6973, 2012 WL 3996113 (E.D. Pa. Sept. 11, 2012).  This Court denied Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint and ordered limited discovery.  Nelling v. Theodore, No. 11-6973, 2013 WL 140105 (E.D. Pa. Jan. 11, 2013).

Defendant now moves for summary judgment on Plaintiff's Third Amended Complaint and also asserts qualified immunity.  In support of her Motion for Summary Judgment, Defendant submitted a copy of: the original criminal complaint against Plaintiff; the request Theodore filed for a bench warrant for Nelling's arrest; the incident report for Nelling's arrest on October 2, 2010; Nelling's deposition; Theodore's deposition with attached exhibits that include a copy of Theodore's request to rescind Nelling's bench warrant, a copy of the prison progress

1

report recording a phone call to PO Amy Theodore on October 4, 2010, and a copy of the rescinded bench warrant; and Susan Renler's deposition with an attached exhibit of the copy of the rescinded bench warrant Renler faxed to the prison on October 20, 2010.

Plaintiff responds that summary judgment is inappropriate because discovery has produced a prison record indicating a phone call was placed to Theodore on October 4, 2010, and deposition testimony that Theodore did not act to secure Nelling's release until October 20, 2010.[1]

## II.    FACTUAL BACKGROUND

The following facts are not in dispute.  Plaintiff Suzanne Nelling was convicted of theft by unlawful taking in 2007, and was sentenced to four days to twenty-three months imprisonment with immediate parole.  Defendant Amy Theodore was Nelling's parole officer from 2007 to 2009.  On July 17, 2009 Theodore requested a bench warrant for Plaintiff's arrest because Plaintiff failed to pay all of the restitution she owed under the terms of her parole.  After Plaintiff paid the restitution, Theodore requested that the bench warrant be rescinded on August 7, 2009.  On September 9, 2009 the bench warrant was rescinded, but was not removed from the NCIC database, and Nelling was arrested on a the basis of that warrant on October 2, 2010.

Nelling was incarcerated at the George W. Hill Correctional Facility in Delaware County from October 2 through October 21, 2010.  Nelling was released after Theodore contacted Susan Renler in the Criminal Division of the Office of Judicial Support (OJS) for Delaware County and provided her with a copy of the rescinded warrant.  Renler faxed a copy of the rescinded warrant to the Records Department the Delaware County Prison on October 20, 2010.  (ECF No. 74 Ex. 6 at 16).  Nelling was released the following day.

---

[1] Plaintiff's response does not number the paragraphs as required.

### III. LEGAL BACKGROUND

**A.     Jurisdiction and Venue**

The court has jurisdiction over the constitutional claims under 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).  Venue is proper under 28 U.S.C. § 1391(b).

**B.     Summary Judgment**

A district court should grant a motion for summary judgment if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it "might affect the outcome of the suit under the governing law."  Id.  Under Rule 56, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in favor of the non-movant.  Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)).

### IV. THE PARTIES' ARGUMENTS

Theodore asserts that there is no evidence supporting Plaintiff's claim that she exhibited deliberate indifference to Nelling's detention on the rescinded warrant, because she acted right away to secure Nelling's release from prison. Theodore contends that she did not learn of Nelling's detention on the rescinded bench warrant until October 20, 2010.  Theodore argues that the prison record showing a call from the prison was placed to "PO Amy Theodore" at a specific phone number on October 4, 2010 (ECF No. 74 Ex. 5), is not evidence Theodore had knowledge of Nelling's incarceration because there is no evidence she actually received a call or a voicemail message on that date.  Theodore further contends there is no question of material fact in dispute

3

because she had no obligation to secure Nelling's release. Finally, Theodore argues she is protected by qualified immunity.

Nelling argues the prison record of the phone call shows that Theodore knew Nelling was incarcerated on October 4, and failed to act for sixteen days, until October 20, which amounts to deliberate indifference. Nelling further asserts that Theodore was the only person who knew that the warrant under which Nelling was held had been rescinded, and she had an obligation to promptly work to secure Nelling's release once she learned that Nelling was incarcerated on an invalid warrant. Nelling contends Theodore should have known incarceration on the basis of a warrant was a violation of her clearly-established constitutional rights, so Theodore is not entitled to qualified immunity.

## V.   ANALYSIS

### A. Deliberate Indifference

An official acts with deliberate indifference when he or she "knows that [the plaintiff] face[d] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Berg v. Cnty. of Allegheny, 219 F.3d 261, 275 (3d Cir 2000). But

> not every official who is aware of a problem exhibits indifference by failing to resolve it. . . . [but i]f a prison official knows that, given his or her job description or the role he or she has assumed in the administration of the prison, a sentence calculation problem will not likely be resolved unless he or she addresses it or refers it to others, it is far more likely that the requisite attitude will be present.

Sample v. Diecks, 885 F.2d at 1110.

The undisputed facts, recited above, establish that Nelling was incarcerated for eighteen days on the basis of a rescinded bench warrant. The parties do not dispute that the Review and Progress Report from the George W. Hill Correctional Facility for Suzann Nelling dated October 4, 2010 states "Called PO Amy Theodore @" Theodore's office phone number. (ECF No. 74 Ex.

5). The parties also do not dispute that a copy of the rescinded bench warrant was faxed from OJS to the Delaware County Prison Records Department on October 20, 2010 at 10:56 a.m.

The depositions raise disputed facts. Theodore testified in her deposition that she learned Nelling was incarcerated from a phone call placed by someone in the prison. (ECF No. 74 Ex. 5 at 20-21). Theodore testified that upon receiving the call she "acted right away," "[t]hat day or the following day." (ECF No. 74 Ex. 5 at 17). Renler testified that Theodore contacted her about Nelling on October 20, 2010, and that Renler faxed a copy of the rescinded bench warrant to the prison that same day. (ECF No. 74 Ex. 6 at 16).

Theodore testified that she cannot remember the date she learned Nelling was incarcerated on the rescinded warrant, or whether it was from a phone call or a voicemail message. (ECF No. 74 Ex. 5 at 20). Theodore also agreed that "it would be fair to say that either the phone call or the voice mail that you received informing you that Suzanne Nelling had been imprisoned on a bench warrant issued by you, a violation of probation issued by you, was made on or about 10-4-2011." (ECF No. 74 Ex. 5 at 20-21).

A reasonable jury could find this evidence supports Nelling's assertion that Theodore knew Nelling was improperly detained on October 4 and failed to act until October 20, and that this amounted to deliberate indifference to the deprivation of Nelling's liberty rights without due process.

Theodore also contends that it was not within the scope of her duties to respond to calls from prison officials regarding prisoners held on the basis of those warrants.[2] But Theodore testified in her deposition that "[i]t's common to receive phone calls" "from a counselor in the prison informing [her] that someone has been incarcerated on a bench warrant that [she] had

---

[2] Although this Court's previous decision asked the parties to provide legal authority on the duties and responsibilities of probation officers, neither party has briefed this issue which may be very relevant at trial.

requested." (ECF No. 74 Ex. 5 at 11). Theodore explained that her general response would be to pull the person's file and see why the warrant was issued, and then find out if she needed to schedule a hearing or whatever next step was necessary. (ECF No. 74 Ex. 5 at 12). The evidence on the record also shows Theodore was the only state actor who was aware that the bench warrant on which Nelling was detained had been rescinded. Finally, Renler testified that she acted because Theodore contacted her about Nelling's incarceration. (ECF No. 74 Ex. 6 at 16).

A jury could find this evidence supports Nelling's contention that it was within the scope of Theodore's job to respond to such phone calls and review the person's file and that Theodore was capable of acting to secure Nelling's release. Accordingly, Theodore's testimony presents a genuine dispute of material fact whether the conduct she described as "common" in the course of her duties was within the role she assumed.

**B. False Imprisonment**

Because Plaintiff may proceed to trial on her due process claim, this Court will allow Plaintiff's state tort claims for false imprisonment to proceed to trial as well.

**C. State-Created Danger**

"'[A] theory of liability based solely on a failure of the state to act is clearly foreclosed." Bright v. Westmoreland Cnty., 443 F.3d 276, 284 (3d Cir. 2006). Nelling's claim is based on Theodore's alleged failure to act promptly to secure Nelling's release. Since Nelling does not allege any affirmative conduct by Theodore that resulted in the deprivation of Nelling's rights, this Court will grant Defendant's motion for summary judgment on Plaintiff's state-created danger claim.

**D. Qualified Immunity**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Theodore contends she did not violate any clearly established constitutional right, because she acted promptly to remedy Nelling's erroneous incarceration. Nelling contends Theodore's conduct violated Nelling's clearly established due process rights because Theodore knew Nelling was illegally incarcerated and failed to act for sixteen days. Because Plaintiff has raised genuine questions of material fact whether Defendant violated her constitutional rights, and Theodore has not presented any authority that the asserted right was not clearly established, this Court will not grant summary judgment on Defendant's qualified immunity defense.

## VI. CONCLUSION

There exists a genuine dispute of material fact as to when Theodore learned of Nelling's incarceration on the rescinded warrant. Plaintiff did not allege any affirmative act by Defendant that resulted in the deprivation of Plaintiff's rights. Accordingly, Defendant's motion for summary judgment is granted in part on Plaintiff's state-created danger claim, and denied in part on all other claims.

O:\CIVIL 11\11-6973 Nelling v. County of Delaware\11cv697.msj.memo.docx